WILLIAM FENNAN, PROSECUTOR, v. CITY OF ATLANTIC
CITY AND EDMUND C. GASKILL, JR., RECORDER, DE-
FENDANTS.

Argued November 4, 1915—Decided March 9, 1916.

Prosecutor was convicted in the Recorder's Court of Atlantic City
for five violations of an ordinance entitled "An ordinance for
the suppression of vice and immorality," was fined $200 on each
conviction, and the convictions and the ordinance were brought
up on *certiorari* for review. *Held*, (1) that as the convictions
were for operating separate amusement devices, for which a sep-
arate fee was charged, on Sunday, contrary to the provisions of
the ordinance, which specifically prohibits certain enumerated
things, the separate convictions for each offence was proper; (2)
that as the exception of musical concerts and moving picture
shows was made by an amendment to the original ordinance,
such exception, if bad, did not vitiate the original ordinance;
(3) that the penalty provided by the ordinance was within the
powers conferred upon the municipal authorities by *Pamph. L.*
1902, *p.* 284, § 14 *et seq.*

On *certiorari*.

The writs in these cases bring up for review five convic-
tions of the prosecutor before the recorder of the city of At-
lantic City for the violation of an ordinance of Atlantic City
entitled "An ordinance for the suppression of vice and im-
morality." The writs also bring up for review the ordinance
itself.

The violations of the ordinance upon which the convictions
were had consisted of operating certain amusements on Sun-
day. The prosecutor was fined $200 on each of the convic-
tions, with an alternative penalty that if the fines were not
paid, he should be imprisoned for thirty days upon one of the
convictions, and for a day each upon the other convictions,
which terms of imprisonment were to run consecutively.

The facts, briefly, are as follows: The prosecutor is the
manager of the Atlantic Amusement Company, which operates
an amusement pier in Atlantic City, known as the Steeple-

chase Pier. On this pier there are a number of amusements, all of which are operated by the Atlantic Amusement Company under the management of the prosecutor. A fee of twenty-five cents is charged for admission to the pier, and none of the amusements can be used by any person who has not paid the twenty-five cents admission. The offences for which the prosecutor was convicted took place on the same day, namely, the 26th day of July, 1915, the evidence being obtained by two policemen who purchased admission tickets and paid twenty-five cents each for the same.

There are a number of amusement devices on the pier to the use and enjoyment of which everyone who has paid an admission fee is entitled without the payment of any extra fee excepting the shooting gallery, the Johnson family (which is a species of hit-the-baby-game), the ferris wheel and the merry-go-round, for the use of which an extra fee is charged.

The prosecutor was convicted of operating the four above-named devices, and also of operating a device known as the razzle-dazzle, for the enjoyment of which no extra fee was charged.

The prosecutor assigns nineteen reasons why the convictions and ordinance should be set aside. These reasons may be briefly summarized as follows:

*First.* There should have been only one conviction for the violation of the ordinance in question.

*Second.* The ordinance is invalid because it exempts from its operation moving picture shows and musical concerts.

*Third.* The city of Atlantic City has no power under its charter to increase the statutory penalty for operating or conducting amusements on Sunday.

*Fourth.* The operation of the amusements in question by the prosecutor is not a violation of the ordinance.

Before Justices GARRISON, TRENCHARD and BLACK.

For the prosecutor, *Bourgeois & Coulomb.*

For the defendant, *Theodore W. Schimpf.*

The opinion of the court was delivered by

GARRISON, J. The first reason for reversal is that there should have been only one conviction. The argument in support of this reason is based upon the assumption that the ordinance forbids the desecration of the Sabbath by the doing of any or all of the enumerated things, in which case, as the decisions hold, the ordinance is as much violated by any one of the acts mentioned as it would be by them all. The present ordinance is, however, not of that sort, but, on the contrary, prohibits Sunday dancing, Sunday nine pins, &c., each specifically and according to the same qualifications. It is as if a man should keep open two saloons for Sunday selling, for which, of course, there could be two convictions.

The second reason is because the ordinance excepts musical concerts and moving picture shows. This exception occurs in the amendment to the ordinance approved May 14th, 1915. Hence, if such amendment is bad because of the exception, the original ordinance is in force and covers the convictions. It is unnecessary, therefore, to stop to inquire why a city ordinance would be invalid if it did not re-enact the vice and immorality statute *in toto*. The effect of the exception does not alter the statutory situation—with the effect of licensing Sunday shows, considered in *Singer* v. *Newark,* 79 *N. J. L.* 386, we have no present concern.

*Third.* The penalty provided by the ordinance is within the power conferred by *Pamph. L.* 1902, *p.* 284, § 14 *et seq.; Atlantic City* v. *France,* 75 *N. J. L.* 910.

*Fourth.* The operation of the amusements in question was a violation of the ordinance.

No other reason is argued.

The convictions brought up by the writ are affirmed.